8/26/2022 3:49 PM

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR MARION COUNTY

| | |
|---|---|
| DEBORAH M. FAVORS,<br><br>        Plaintiff,<br><br>vs.<br><br>WALMART INC. assumed business name WALMART #1784,<br><br>        Defendant. | Case No. 22CV29200<br><br>COMPLAINT – NEGLIGENCE and PREMISES LIABILITY<br><br>Claim for $903,999.26<br><br>Not Subject to Mandatory Arbitration<br><br>Filing Fee Authority: ORS 21.160(1)(c) |

    Deborah M. Favors (hereinafter 'Plaintiff'), by and through her attorney, S. Matthew Lind, for her claims against Walmart Inc., under the assumed business name, Walmart #1784 (hereinafter 'Defendant'), alleges as follows:

1.

    On September 1, 2020, Plaintiff visited Defendant's store located at 3825 Lancaster Dr., Salem, Oregon 97305 (hereinafter "the premises").

**COMPLAINT** – Page 1 of 5

2.

Defendant's premises is duly licensed with the State of Oregon using the assumed business name Walmart #1784.

3.

During this visit, Defendant was shopping with her daughter when she entered an aisle and slipped on an existing spill.

4.

Plaintiff's leg went up in the air and she heard a cracking sound in her knee. As she was falling, she reached back to brace her fall with her left hand and she felt her left arm give way at her left wrist.

5.

Plaintiff laid on the floor screaming in pain. She could not get back up on her feet. She was eventually picked up by an ambulance.

6.

At all material times herein, Defendant knew or should have known that the spill in the aisle would pose an unreasonably dangerous condition for Plaintiff. Defendant knew or should have known of this dangerous condition as they have a duty to proactively discover dangerous conditions in their store.  Defendant failed to remedy the spill in a timely manner and also failed to provide any warnings to Plaintiff of the dangerous condition.

//

//

//

**COMPLAINT** – Page 2 of 5

7.

## NEGLIGENCE

At the time and place alleged above, Defendant was negligent in one or more of the following particulars:

1. Defendant was negligent for allowing Plaintiff to walk on an aisle with a liquid spill in it.
2. Defendant was negligent for not cleaning up the spill in a timely manner;
3. Defendant was negligent for not discovering the spill in a timely manner;
4. Defendant was negligent in failing to warm plaintiff of the dangerous condition.

8.

## PREMISES LIABILITY

As an owner and occupier of the premises, Defendant owed a duty to invitees to keep its premises in a reasonably safe condition. Defendant failed to do so as more specifically set forth as follows:

1. By inviting and/or allowing Plaintiff to walk in a store aisle that had spilled liquid on the floor when Defendant know or should have known of the dangers involved.
2. Failing to exercise reasonable care to protect Plaintiff from being exposed to potentially dangerous conditions on Defendant's premises;
3. Failure to warn invitees of possible dangerous conditions which could cause injury to their guests.
4. In failing to make the premises safe by providing safety equipment, warning signs or otherwise act to protect the invitee against unreasonable risk of harm.

**COMPLAINT** – Page 3 of 5

9.

As a result of Defendant's negligence, Plaintiff suffered serious injuries, some of which may be permanent. The fall caused the plaintiff to suffer a sprain of her left ankle, shattered left tibial plateau of her left leg, and a broken radial bone in her left wrist.

10.

As a direct and proximate result of the acts and omissions of Defendant, Plaintiff suffered injuries creating economic damages in the form of medical care in the amount of $253,999.26. Plaintiff reserves the right to increase this amount to conform to the evidence at trial.

11.

Additionally, Plaintiff will require future medical care to treat her left knee, including knee replacement surgery and physical therapy in an amount not to exceed $200,000.00.

12.

As a result of Defendants' negligence, plaintiff suffered non-economic damages for pain and suffering. Plaintiff seeks non-economic damages in an amount not to exceed $450,000.00.

//

//

//

//

**COMPLAINT** – Page 4 of 5

13.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For her medical billing in an amount of $253,999.26;

2. For her future medical care in an amount not to exceed $200,000.00;

3. For her non-economic damages in an amount not to exceed $450,000.00;

4. For further relief as the Court deems just and equitable.

August 26, 2022                    s/ S. Matthew Lind
                                   **S. Matthew Lind, OSB No. 081403**
                                   Lead Trial Attorney for Plaintiff
                                   OlsenDaines PC
                                   3995 Hagers Grove Road SE
                                   Salem, Oregon 97317
                                   mlind@olsendaines.com
                                   Direct 503-485-8108
                                   Fax  503-362-1375

**COMPLAINT** – Page 5 of 5