IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBORAH M. FAVORS,

    Plaintiff,

vs.

WALMART, INC., assumed
business name WALMART #1784,

    Defendant.

Civ. No. 6:22-cv-1541-AA

**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff Deborah M. Favors filed this negligence action against Defendant Walmart, Inc., to recover damages incurred in a slip-and-fall incident at Defendant's store. Before the Court is Defendant's Motion for Summary Judgment, ECF No. 31. For the reasons stated below, Defendant's Motion, ECF No. 31, is GRANTED. The case is DISMISSED.

LEGAL STANDARD

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In judging evidence at the summary judgment stage, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v.*

*Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). Rather, it must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Celotex*, 477 U.S. at 324. "When the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325)). When a motion for summary judgment is not opposed, a court may not grant that motion by default but must determine whether the movant is entitled to summary judgment. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013) (so explaining).

## BACKGROUND

On September 1, 2020, Plaintiff visited Defendant's store located on Lancaster Drive in Salem, Oregon. Compl. ¶ 1, ECF No. 1-3. Plaintiff alleged that while "shopping with her daughter," she "entered an aisle and slipped on an existing spill." *Id.* at ¶ 3. She alleges that she did not see the spill because she was looking at merchandise, Pl. Dep. 7:15–18, Ex. A, ECF No. 32-1, and that the spill "caused [her] to fall[,]" *id.* 6:23–7:04.

Plaintiff alleges that, as she was falling, her "leg went up in the air," she "heard a cracking sound in her knee, . . . reached back to brace her fall with her left hand[,]

and she felt her left arm give way at her left wrist." Compl. ¶ 4. She "laid on the floor screaming in pain[]" and "could not get back up." *Id.* at ¶ 5. Someone called paramedics who took Plaintiff by ambulance to the hospital. Pl. Dep. 8:03–07. Plaintiff alleges that she "suffer[ed] a sprain of her left ankle, shattered left tibial plateau of her left leg, and a broken radial bone in her left wrist." Compl. ¶ 9.

Plaintiff's daughter took a photo of Plaintiff lying on the floor after the fall. Photo, Ex. B, ECF. 32-2; Pl. Dep. 5:17–19.

Plaintiff's daughter stated that, after the fall, she saw a coffee cup on the floor and a spill that she estimated to be about an eighth of a cup. Daughter Dep. 4:12–21, Ex. C, ECF No. 32-3. Plaintiff and her daughter each testified that they do not know how long the spill had been there or how it got there. Pl. Dep. 8:08–24; Daughter Dep. 4:24–5:11. But in her deposition, Plaintiff stated that, from the photograph, "if you zoom up, you can tell that some parts of [the spill] had started to dry up." Pl. Dep. 8:11–16.

## DISCUSSION

Plaintiff asserts that Defendant Walmart was negligent in failing "to keep its premises in a reasonably safe condition." Compl. ¶ 8.

To prevail on a negligence claim under Oregon law, a store invitee (such as a shopper) who slips on a substance on the floor of a storekeeper's store must show that: (1) the substance was placed there by the storekeeper; or (2) the storekeeper knew the substance was on the floor and failed to remove it; or (3) the substance had been on the floor for a sufficient amount of time, such that the storekeeper should have

discovered and removed it. *Van Den Bron v. Fred Meyer, Inc.,* 86 Or. App. 329, 331 (1987). Under the *Van Den Bron* test, a plaintiff invitee can show negligence by establishing a storekeeper's breach of duty under any one of the three prongs. *Id.*

Here, the parties do not dispute that the substance was not placed on the floor by Defendant (prong one). Plaintiff alleges prongs two and three, that Defendant was negligent "for allowing Plaintiff to walk on an aisle with a liquid spill in it," for "not cleaning up the spill in a timely manner" or for "failing to war[n] [P]laintiff of the dangerous condition," or, alternatively, "for not discovering the spill in a timely manner," and removing it. Compl. ¶ 7.

Defendant asserts that it is entitled to summary judgment because Plaintiff provides no evidence that "Defendant's employees knew of the spill on which Plaintiff slipped but failed to remove it" (prong two), Def. Mot. at 8, or that "the spill was present for so long that Defendant's employees should have noticed and removed it[,]" (prong three), Def. Mot. at 9. Plaintiff offers no response to Defendant's motion.

I.      *Van Den Bron Test (Prong Two)*

To establish negligence under *Van Den Bron* prong two, Plaintiff must offer evidence that Defendant actually knew that the liquid was on the floor before her fall. *See Griffin v. K.E. McKay's Mkt. of Coos Bay, Inc.,* 125 Or. App. 448, 452 (1993) (directing the verdict to defendant because the "[p]laintiff presented no evidence that, at any time before the fall, defendant's employees actually knew that ice or water had been spilled on the floor"). It "is not sufficient to impose liability" simply because "the material was on the floor." *Dubry v. Safeway Stores, Inc.,* 70 Or. App. 183, 188 (1984).

Here, Plaintiff offers evidence, including testimony and a photograph, that she slipped and fell because of a liquid spill on the floor at Defendant's store. The parties do not dispute that there was a spill and that Plaintiff slipped and fell because of it. But Plaintiff offers no evidence that Defendant actually knew of the spill.

"Negligence is ordinarily a question of fact to be decided by the jury." *Dubry*, 70 Or. App. at 186. "However, in order for there to be a triable issue as to whether defendant's conduct did or did not meet the appropriate standard of care[,] there must be evidence of defendant's conduct before it can be compared with the relevant standard of care." *Id.* at 186–87. In other words, it is not enough to show that a spill was on the floor. Plaintiff must provide evidence from which a jury could infer that Defendant knew of the spill. *Laygui v. Wal-Mart Stores, Inc.*, 6:13–cv–00327–AA, 2014 WL 3695536, at *2 (D. Or. Jul. 24, 2014) (explaining, in a similar slip and fall case, that "[s]peculation and guesswork are not permissible means by which a jury may find negligence") (citing *Griffin*, 125 Or. App. at 450–52).

Here, Plaintiff has the burden to provide sufficient evidence to support her claim. But because Plaintiff provides no evidence from which a jury could determine that Defendant knew of the spill, she fails to create an issue of material fact as to Defendant's negligence under *Van Den Bron* prong two. For these reasons, Defendant is entitled to summary judgment on prong two as a matter of law.

## II.     *Van Den Bron* Test (Prong Three)

To establish negligence under *Van Den Bron* prong three, Plaintiff must offer evidence from which a jury could infer that the liquid was on the floor for sufficient

time such that Defendant should have known and removed it. *Van Den Bron*, 86 Or. App. at 331. It is not enough to show that a spill was on the floor. "There must be some evidence of how long the offending material was on the floor of the commercial establishment." *Dubry*, 70 Or. App. at 188. "Without evidence of when the spill occurred, it is equally as probable that the [spill] leaked immediately before plaintiff's fall as it was that the spill occurred two hours prior." *Laygui*, 2014 WL 3695536, at *3 (citing *Weiskopf v. Safeway Stores*, 271 Or. 630, 632 (1975) (*en banc*)). In *Weiskopf*, the Oregon Supreme Court explained, "We have numerous cases which hold that in the absence of proof from which a jury can draw an inference of how long the substance was on the floor, there is no basis to find [the storekeeper] negligent." *Weiskopf*, 271 Or. at 632 (collecting cases).

Plaintiff asserts that from her daughter's photograph, "if you zoom up, you can tell that some parts of [the spill] had started to dry up. . . . Around the edges[.]" Photo, Ex. B; Pl. Dep. 8:11–16. Even if the photograph showed parts of the spill that "had started to dry up"—and those areas are not visible to the Court—Plaintiff provides no caselaw or argument to support that such assertion, without more, is sufficient to determine that the spill was on the floor *long enough* that Defendant should have discovered it. Again, as this Court stated in *Laygui*, "speculation and guesswork" are not enough to find negligence. *Laygui*, 2014 WL 3695536, at *2.

Plaintiff has the burden to provide sufficient evidence to support her claim. That means she must provide some evidence from which a jury could determine that the spill was on the floor *long enough* that Defendant should have discovered it. She

Page 6 – OPINION AND ORDER

fails to do so. Because Plaintiff fails to create an issue of material fact as to Defendant's negligence under *Van Den Bron* prong three, Defendant is entitled to summary judgment on prong three as a matter of law.

## CONCLUSION

For the reasons explained, the Court GRANTS Defendant's Motion for Summary Judgment, ECF No. 31. The case is DISMISSED.

It is so ORDERED and DATED this  26th  day of March 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge

Page 7 – OPINION AND ORDER